```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
TRUSTEES OF THE NEW YORK CITY                                :
DISTRICT COUNCIL OF CARPENTERS                               :
PENSION FUND, WELFARE FUND,                                  :       22 Civ. 3340 (LGS)
ANNUITY FUND AND APPRENTICESHIP,                             :
JOURNEYMAN RETRAINING,                                       :              ORDER
EDUCATIONAL AND INDUSTRY FUND, et                            :
al.,                                                         :
                                        Petitioners,         :
                                                             :
                        -against-                            :
                                                             :
B AND S CONSTRUCTION, INC.,                                  :
                                        Respondent.          :
                                                             :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

      Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the Carpenter Contractor Alliance of Metropolitan New York and the New York City District Council of Carpenters (the "Union"), seek confirmation and enforcement of an arbitration award issued on February 2, 2022 (the "Award"), pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq*. Respondent, B and S Construction, Inc., did not participate in the arbitration, nor did it participate in this action and oppose the Petition to Confirm Arbitration Award (the "Petition"). For the following reasons, the Petition is granted in part.

**I.   BACKGROUND**

      The following facts are taken from the Petition and attached exhibits. On April 22, 2016, Respondent executed a Project Labor Agreement Letter of Assent ("PLA LOA") in connection

with Build It Back Brooklyn, a public project on which Respondent was working.  Pursuant to the PLA LOA, Respondent became bound to the Build It Back Brooklyn Outer Borough Residential Market Recovery PLA (the "PLA"), which required Respondent to make certain contributions on behalf of employees covered by the PLA, as set forth in applicable collective bargaining agreements.  Under the PLA, Respondent also became bound by the applicable collective bargaining agreement with the Union to the extent such terms did not conflict with the PLA, including the Independent Building Construction Agreement covering the period between July 1, 2017, through June 30, 2024 (the "CBA").  The New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds, Trustees of the New York City District Council of Carpenters Relief and Charity Fund and Carpenter Contractor Alliance of Metropolitan New York (collectively, the "Funds") are the established jointly trusteed employee benefit funds to which contributions must be paid for work falling within the scope of the CBA.  The PLA and CBA require Respondent to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union.  Under the PLA LOA, PLA and CBA, Respondent is bound to the policies, rules and regulations adopted by the Funds, including a Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy"), which requires Respondent to furnish its books and records upon request by the Funds for purposes of conducting an audit to ensure compliance with required benefit fund contributions.  The Collection Policy and the documents and instruments governing the Funds provide for resolution of disputes via arbitration.

Pursuant to the CBA and Collection Policy, Petitioners commenced an audit of Respondent covering the period September 11, 2017, to the then-present date to determine

whether Respondent had contributed the proper amount to the Funds. Respondent failed to provide its books and records and refused to submit to the audit. The audit revealed that Respondent had failed to remit contributions in the estimated principal amount of $5,225.92.

Petitioners initiated an arbitration proceeding and sent a Notice of Hearing by priority mail to Respondent. On January 19, 2022, Petitioners and their counsel appeared at the hearing. Respondent did not appear. On February 2, 2022, the arbitrator issued the Award, finding that Respondent had violated the CBA by failing to pay the amount determined by the audit and ordered Respondent to pay the Funds $9,880.61, consisting of: (i) the principal deficiency of $5,225.92, (ii) interest of $700.55, (iii) promotional fund contributions of $8.96, (iv) liquidated damages of $1,045.18, (v) attorney fees of $1,500, (vi) court costs of $400 and (vii) arbitration costs of $1,000. On April 11, 2022, Respondent was served via certified mail with a letter demanding payment and compliance with the Award. Respondent has not complied with the Award as of the date of the Petition.

On April 25, 2022, Petitioners commenced this action to enforce the Award. On April 27, 2022, Petitioners served Respondent through the office of the New York State Secretary of State. Respondent has not filed an answer, which was due on May 18, 2022.

## II.    STANDARD

Under the FAA, a party to an arbitration proceeding may apply for a judicial decree confirming the award, which a court "must grant . . . unless the award is vacated, modified, or corrected . . . ." 9 U.S.C. § 9. "Section 301 of the LMRA specifically provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Manzo*, No. 21 Civ. 504, 2021 WL 3082291, at

\*2 (S.D.N.Y. July 20, 2021) (internal quotation marks omitted).  Generally, a district court should treat an unanswered petition to confirm or vacate an arbitration award "as an unopposed motion for summary judgment." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, &Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Piccini MNM, Inc.*, No. 19 Civ. 5258, 2021 WL 1791591, at \*2 (S.D.N.Y. May 5, 2021).

Although a summary judgment standard is applied to a petition to confirm, a federal court's review of labor arbitration awards is "narrowly circumscribed and highly deferential." *ABM Indus. Grps., LLC v. Int'l Union of Operating Eng'rs, Loc. 30, 30A, 30B*, 968 F.3d 158, 161 (2d Cir. 2020).  "We may not review the arbitrator's decision on the merits, but inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id.* (internal quotation marks omitted).  "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. of Carpenters & Joiners v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 275 (2d Cir. 2015) (internal quotation marks omitted) (alteration in original); *accord Stonington Cap. Advisors, LLC v. Southfield Cap., LLC*, No. 20 Civ. 6053, 2021 WL 1168237, at \*4 (S.D.N.Y. Mar. 25, 2021).  The award should be confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 537 (2d Cir. 2016) (internal quotation marks omitted); *accord Dist. Council No. 9 Int'l Union of Painters & Allied Trades v. Speedo Corp.*, No. 21 Civ. 4780, 2022 WL 392909, at \*2 (S.D.N.Y. Feb. 9, 2022).

### III. DISCUSSION

#### A. Confirmation of the Arbitration Award

The Petition is granted based on the undisputed facts. Respondent was bound by the PLA and CBA, which require Petitioner to remit contributions to the Funds, and by the Collection Policy, which required arbitration to settle any related disputes. Respondent failed to participate in the arbitration after receiving notice of the hearing, and the arbitrator subsequently issued the Award in favor of Petitioners. Respondent failed to oppose the Petition and has since failed to satisfy the contribution portion of the Award. The arbitrator applied the terms of the governing agreements and acted within the scope of her authority. Petitioner, therefore, is entitled to confirmation of the Award. *See, e.g.*, *N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Vista Eng'g Corp.*, No. 19 Civ. 5280, 2021 WL 4077943, at *3 (S.D.N.Y. Sept. 7, 2021) (confirming arbitration award brought under LMRA § 301(c) where defendant did not oppose the petition and the record supported the arbitrator's findings); *Trs. for Mason Tenders Dist. Council Welfare Fund v. DCM Grp., LLC*, No. 13 Civ. 1925, 2017 WL 384690, at *4 (S.D.N.Y. Jan. 25, 2017) (same).

#### B. Attorneys' Fees and Costs

In addition to the fees included in the Award, Petitioners request attorneys' fees and costs associated with this action. Although "Section 301 of the [LMRA] does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award," *Int'l Chem. Workers Union, Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985); *accord Dist. Council of N.Y.C. & Vicinity of United Bhd. of Carpenters & Joiners v. Infinity Mgmt. Corp.*,

5

No. 19 Civ. 10654, 2020 WL 550699, at *3 (S.D.N.Y. Feb. 3, 2020), a court may award fees and costs in an LMRA case pursuant to its equitable powers, *see Odeon Cap. Grp. LLC v. Ackerman*, 864 F.3d 191, 198 (2d Cir. 2017).  When contemplating a petition to confirm an arbitration award, "attorney's fees and costs may properly be awarded 'when a [party] refuses to abide by an arbitrator's decision without justification.'" *Trs. of Dist. Council No. 9. Painting Indus. Ins. Fund v. Speedo Corp.*, No. 21 Civ. 3705, 2022 WL 604678, at *3 (S.D.N.Y. Mar. 1, 2022) (alteration in original) (quoting *Int'l Chem. Workers Union*, 774 F.2d at 47).

Petitioners are also entitled to recover fees and costs pursuant to the CBA, which provides for reasonable attorneys' fees and costs of the action "[i]n the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s)."

Respondent -- despite being bound by the PLA LOA, CBA and Collection Policy -- refused to comply with the audit, failed to participate in the arbitration, failed to satisfy the Award and has not justified its refusal to abide by the arbitrator's decision.  Petitioners instituted this formal proceeding to recover the delinquent contributions, and a judgment will be rendered in favor of Petitioners.  For these reasons, Petitioners are awarded reasonable attorneys' fees and costs.

In support of their fee request, Petitioners submitted contemporaneous time records reflecting 5.9 hours spent on this matter and information about the attorneys who worked on the case.  The rates of the attorneys and staff who billed time to this matter ranged between $120 per hour and $275 per hour.  Two associates billed time at a rate of $275 per hour.  One of the associates is a 2021 graduate of Fordham University School of Law and the other associate is a

2016 graduate of St. John's University School of Law. A legal assistant billed her time at a rate of $120 per hour.

The requested rate of $275 per hour for the 2016 graduate is reasonable. *See, e.g.*, *N.Y.C. Dist. Council of Carpenters Pension Fund*, 2021 WL 4077943, at *4 (finding the 2016 graduate's rate of $275 per hour reasonable). *But see Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Land Cruising Props. Inc.*, No. 21 Civ. 7877, 2022 WL 1125623, at *7 (S.D.N.Y. Apr. 15, 2022) (reducing the rate from $275 to $250 per hour). The same requested rate for the 2021 law graduate, however, is is reduced to $225 per hour. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Inniss Constr. Inc.*, No. 21 Civ. 4582, 2021 WL 4868589, at *7 (S.D.N.Y. Oct. 18, 2021) (reducing rate of 2020 graduate from $275 to $225 per hour); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Bar-Mac Constr. of NJ Inc.*, No. 18 Civ. 6284, 2019 WL 294768, at *5 (S.D.N.Y. Jan. 23, 2019) (reducing rate of third-year associate from $275 to $225). Petitioners' request for reimbursement of $77 for the cost of serving Respondent is reasonable. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Eclipse Constr. Servs. Inc.*, No. 21 Civ. 7868, 2021 WL 5567752, at *6 (S.D.N.Y. Nov. 26, 2021) (noting that "[c]ourts in this district routinely permit the recovery of such costs."). Petitioners' request for fees and costs is granted in part.

C. Interest

Post-judgment interest is awarded. "Pursuant to 28 U.S.C. § 1961, the award of post-

judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *True-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (internal quotation marks omitted). Section 1961 applies to actions to confirm arbitration awards. *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case). Petitioners are awarded post-judgment interest at the statutory rate prescribed by 28 U.S.C. § 1961, accruing from the date judgment is entered until payment is made.

## IV.   CONCLUSION

For the foregoing reasons, the Petition is **GRANTED IN PART**. Petitioners are entitled to $9,880.61, as set forth in the Award. Petitioners are also awarded $1,005 in attorneys' fees and $77 in costs for a total award of $10,962.61. Petitioners are entitled to post-judgment interest on the award, calculated at the statutory rate prescribed by 28 U.S.C. § 1961 from the date of judgment until payment is made. The Clerk of Court is respectfully directed to close the case.

Dated:  July 8, 2022
         New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**